■ In the Matter of RENITA SANTOS, Petitioner, v PORT CHESTER HOUSING AUTHORITY, Respondent. [841 NYS2d 640]—

Proceeding pursuant to CPLR article 78 to review a determination of the Port Chester Housing Authority dated September

12, 2005, which, after a hearing, denied the petitioner's application to succeed her mother as the tenant of record of an apartment as an adult member of the residual tenant family, and to vacate a 30-day notice to terminate the petitioner's tenancy dated April 21, 2005.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, the 30-day notice to terminate the petitioner's tenancy is vacated, and the matter is remitted to the Port Chester Housing Authority to grant the petitioner's application.

The petitioner, Renita Santos, applied to the Port Chester Housing Authority (hereinafter the PCHA) to succeed her mother as the tenant of record of a federally-subsidized apartment pursuant to a provision in the lease granting that right to an adult member of the residual tenant family. At the time that the petitioner submitted her application, her mother was the tenant of record, and the petitioner had lived in the apartment for 10 years. The PCHA denied the application on the grounds that the petitioner failed to demonstrate that all rent for the preceding 12 months had been timely paid, and that she was "capable of handling the responsibility of becoming the tenant of record," as required by the terms of the lease. The petitioner filed a grievance with the PCHA. After a hearing before a PCHA hearing officer, the determination was sustained. We annul the determination and direct that the application be granted.

The determination that the rent for the apartment had not been timely paid for the 12 months preceding the petitioner's application is not supported by substantial evidence in the record (*see Matter of Miller v DeBuono*, 90 NY2d 783 [1997]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]). Rather, the record demonstrates that the petitioner's mother substantially complied with this requirement by tendering her portion of the rent, with the remaining portion to be paid by the Westchester County Department of Social Services. In fact, the record reveals that the Westchester County Department of Social Services issued checks to the PCHA for all remaining amounts due for rent on the day after the mother vacated the apartment.

Similarly, the determination that the petitioner failed to demonstrate that she was capable of handling the responsibility of becoming the tenant of record by securing and maintaining regular employment, and by complying with certain reporting requirements, is not supported by substantial evidence in the record (*see Matter of Miller v DeBuono, supra*; *300 Gramatan Ave. Assoc. v State Div. of Human Rights, supra*). Rather, the

hearing officer found substantial compliance with the reporting requirements, and noted that there had not been any accusation of fraud or willful dishonesty by the petitioner. The petitioner, then 25 years old, was a student and had obtained employment. When she was laid off, she reapplied for public assistance, and the PCHA did not argue that her loss of employment was in any way her fault. In any event, guidelines issued by the United States Department of Housing and Urban Development for evaluating the suitability of an applicant for a federally-subsidized tenancy prohibit a public housing authority from requiring that an applicant have a minimum income or that he or she be employed (United States Department of Housing and Urban Development, Public Housing Occupancy Handbook, Directive No. 7465.1, chapter 4: Suitability for Tenancy, Applicant Evaluation).

Accordingly, we annul the PCHA's determination denying the petitioner's application and the 30-day notice to terminate the petitioner's tenancy, and remit the matter to the PCHA to grant the petitioner's application.

In light of our determination, the petitioner's remaining contentions need not be reached. Rivera, J.P., Ritter, Florio and Fisher, JJ., concur.